Hall, Judge.

—The principle upon which interest is calculated at this day, is different from that which was in use at the time the bond in question was executed. This seems to be evidenced by the opinions entertained by the parties themselves, at the time they attempted to bring about a settlement. It is to be observed, that the decisions in our courts, which have fixed the rule by which interest it is now calculated, took place on bonds, executed when a different rule prevailed. It was not a good objection in those cases, that the parties, at the time of making the contract, were presumed to have in view a different rule from that which was about to be established. This case must be decided on the same principle. If, indeed, the parties themselves had made a settlement, and an adjustment of their accounts, they would have been bound by it, and the principle adopted by them would be the one which would now govern the Court; but *515 this have not done. They attempted to make a settlement, but did not effect it. They then stood as if that attempt had not been made.
The covenant binds the covenanter to the delivery of tobacco only, and that at stated times. The indorsement, by enlarging the limits of the covenant, puts it in the power of the covenanter to pay the tobacco, or gold or silver in lieu thereof, whenever he might think proper. I cannot discover how the indorsement affects the present question. It has been properly tried at law, and I think on the proper principle. My opinion, therefore, is, that the Injunction shall be dissolved.
By the Court—It is the opinion of the court that the Injunction be dissolved with costs.